UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| EXTENDED STAY AMERICA, INC. and ESA MANAGEMENT LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case. No. 2:16-cv-02744-CM |
| WOODSPRING HOTELS LLC, BERNADETTE RUBY and MICHAEL DOCTEROFF, | ) ) ) ) | |
| Defendants. | ) ) | |

**<u>AGREED PROTECTIVE ORDER</u>**

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because this case involves allegations concerning the improper disclosure and use of trade secrets and other commercially sensitive and confidential information. The parties submit that in the course of discovery, it is likely that both Plaintiffs and Defendants will seek to discover and will produce additional non-public information that is considered proprietary, confidential or protected by trade secret law. Dissemination of such information to anyone other than those involved in prosecuting or defending this action is likely

1

to cause commercial harm and competitive disadvantage to the party producing such information.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' Motion for Protective Order (ECF doc. 8) and hereby enters the following Protective Order:

1.      **Scope.**  All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below.  As used in this Order, "documents" shall include all written, printed, typed, recorded or graphic material however produced, including, without limitation, correspondence, memoranda, books, records, policies, processes, instructions, forms, diaries, notes, statements, e-mails and all computer-generated materials, and any other pertinent information stored in any information storage retrieval system.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.      **Definition of Confidential Information.**  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties.  For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

- Personnel files and other personal information;

- Financial statements;

- Tax returns;

- Trade secrets;

- Proprietary business records; and

- Any records the disclosure of which is restricted or prohibited by statute, court order, or other legal obligations.

Information or documents that are available to the public may not be designated as Confidential Information.

3.      **Highly Confidential Information.**  As a subset of Confidential Information, a party shall have the right to designate Documents that it produces as "Highly Confidential" if and only if it reasonably and in good faith believes that such Documents contain trade secrets or highly confidential, non-public, personal or proprietary business information, disclosure of which could be especially detrimental or harmful to the producing Party if disclosed to the non-counsel personnel of its adversary.

4.      **Form and Timing of Designation.**  The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.  The producing party may designate documents as containing Highly Confidential Information by marking or placing the words "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document.  Collectively, such designations will be referred to as "the marking."  As used in this Order, "copies" includes electronic images, duplicates,

3

extracts, summaries or descriptions that contain the Confidential Information or Highly Confidential Information.  The marking will be applied prior to or at the time the documents are produced or disclosed.  Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or Highly Confidential Information are not required to be marked.  By marking a designated document as confidential or highly confidential, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential Information or Highly Confidential Information as defined in this Order.

5.      **Failure to Designate.** Failure to designate any document or material as containing Confidential Information or Highly Confidential Information prior to its production will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is subsequently asserted.

6.      **Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within thirty (30) days after receipt of the deposition transcript, which period may be extended by agreement of the parties, and during which time the deposition testimony shall be treated as Highly Confidential Information.  Any designation of deposition testimony as Confidential Information or Highly Confidential Information must be specific as to the portions of the transcript and/or any exhibits to be protected.  Upon being informed that certain portions of a deposition transcript and/or exhibits are to be designated as Confidential Information or Highly Confidential Information, all parties shall limit disclosure of

that transcript and/or exhibit in accordance with this Order.  Whenever materials designated as Confidential Information or Highly Confidential Information are to be discussed by a party or disclosed in a deposition, any party claiming confidentiality may exclude from the room any person not permitted to view such materials pursuant to section 7 of this Order.

   **7.**  **Protection of Confidential Material.**

     **(a)**  **General Protections.**  Designated Confidential Information or Highly Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals, or for disclosures that are required to be made by law or by court order.

     **(b)**  **Who May View Designated Confidential Information.**  Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

    (1)  The parties to this litigation and their officers, directors, managing agents, or other corporate representatives, or other employees or former employees, who are engaged in the preparation of this action for hearing and/or trial;

    (2)  Counsel of record for the parties and all counsel who are engaged in the preparation of this action for hearing and/or trial, and paraprofessionals, stenographic or clerical employees assisting counsel of record and/or all counsel in the preparation of this action for hearing and/or trial;

    (3)  In-house counsel for the parties, and paraprofessionals, stenographic or clerical employees assisting in-house counsel for the parties in the preparation of this action for hearing and/or trial;

    (4)  The court and court personnel, including any special master appointed by the court, and members of the jury;

    (5)  Court reporters, recorders, and videographers engaged for depositions;

(6)     Any mediator appointed by the court or jointly selected by the parties;

(7)     Any expert witness, outside consultant, or investigator, and their staff, retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound. The original of each agreement shall be retained by counsel of record for the Party making the disclosure to such individual in accordance with this Order;

(8)     Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

(9)     The author or recipient of the document (not including a person who received the document in the course of the litigation);

(10)    Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation, and their staff, who have executed a copy of the form attached hereto as Attachment A; and

(11)    Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)     Who May View Designated Highly Confidential Information.**

Designated Highly Confidential Information may only be disclosed to the

following persons:

(1)     The Court and court personnel, including any special master appointed by the court, and members of the jury;

(2)     Counsel of record and all counsel who are engaged in the preparation of this action for hearing and/or trial, and paraprofessionals, stenographic or clerical employees assisting counsel or record and/or all counsel in the preparation of this action for hearing and/or trial;

(3)     Laura Schoenberger (in-house counsel for WoodSpring) and John Dent and Christopher Dekle (in-house counsel for ESA);

(4)     Court reporters, recorders, and videographers engaged for depositions;

(5)     Any expert witness, outside consultant, or investigator, and their staff, retained by the Parties in connection with this action who have executed a copy of the form attached hereto as Attachment A; and

(6)     Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(d)     Control of Documents**.  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information or Highly Confidential Information pursuant to the terms of this Order.  Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

8.      **Filing of Confidential Information or Highly Confidential Information**.  In the event a party seeks to file any document containing Confidential Information or Highly Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.  If the motion is granted and the

requesting party permitted to file the requested documents under seal, only counsel of record and

unrepresented parties will have access to the sealed documents.  Pro hac vice attorneys must

obtain sealed documents from local counsel.

        **9.**      **Challenges to a Designation.**  The designation of any material or document as

Confidential Information or Highly Confidential Information is subject to challenge by any

party.  Before filing any motion or objection to a confidential designation, the objecting party

must meet and confer in good faith to resolve the objection informally without judicial

intervention.  A party that elects to challenge a confidentiality designation may file and serve a

motion that identifies the challenged material and sets forth in detail the basis for the challenge.

The burden of proving the necessity of a confidentiality designation remains with the party

asserting confidentiality.  Until the court rules on the challenge, all parties must continue to treat

the materials as Confidential Information or Highly Confidential Information under the terms of

this Order.

        **10.**     **Use of Designated Documents or Information at Trial or Hearing.**  Nothing in

this Order will be construed to affect the use of any document, material, or information at any

trial or hearing.  A party that intends to present or that anticipates that another party may present

Confidential Information or Highly Confidential Information at a hearing or trial must bring that

issue to the attention of the court and the other parties without disclosing the Confidential

Information or Highly Confidential Information.  The court may thereafter make such orders as

are necessary to govern the use of such documents or information at the hearing or trial.

        **11.**     **Privileges and Objections Preserved.**  This Order is not a waiver of any

applicable privilege or any objection that might be raised as to a discovery request or the

admissibility of evidence.  Any production of documents with a confidential or highly

confidential designation pursuant to this Order shall not be a waiver of any objection as to such document or an admission as to the nature of such document.

12. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

 (b) **Return of Designated Documents.** Within thirty (30) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information or Highly Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information or Highly Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents.  This work product will continue to be confidential under this Order.  An attorney may

use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information or Highly Confidential Information.

13.  **Order Subject to Modification**.  This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.  If any Party finds that any terms of this Protective Order impedes its ability to prepare or present its case, or is otherwise objectionable, that Party may seek appropriate modification of the Order from the Court.  The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

14.  **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information or Highly Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

15.  **Persons Bound by Protective Order.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

16.  **Jurisdiction.**  The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case.  But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

17.  **Protections Extended to Third-Party's Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information or Highly Confidential Information produced in this case by third parties, if timely requested by the third party.

**18.**     **Applicability to Parties Later Joined.**  If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information or Highly Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

**19.**     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or Highly Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information and Highly Confidential Information in the court from which the subpoena or order issued.  The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this

paragraph remain in effect while the party has in its possession, custody, or control Confidential

Information or Highly Confidential Information designated by the other party to this case.

20. **Disclosure of Confidential Information or Highly Confidential Information**

**Covered by Attorney-Client Privilege or Work Product.**  Nothing in this Order shall operate

to require the production of information or documents that are privileged or otherwise protected

from discovery.  The disclosure or production of any information or document that is subject to

an objection on the basis of attorney-client privilege or work-product protection, including, but

not limited, to information or documents that may be considered Confidential Information or

Highly Confidential Information under the Protective Order, will not be deemed to waive a

party's claim to its privileged or protected nature or estop that party or the privilege holder from

designating the information or document as attorney-client privileged or subject to the work

product doctrine at a later date.  Any party receiving any such information or document must

return it to the producing party or destroy it upon request.  If the receiving party becomes aware

during the review of any material that such material is likely to be privileged or subject to other

protection, the receiving party shall immediately notify the producing party and sequester the

material until the producing party has had a reasonable opportunity to respond.  Upon receiving a

request to return or destroy specific information or documents pursuant to this section, the

receiving party must, regardless of whether the receiving party agrees with the claim of privilege

and/or work-product protection, (a) immediately cease using such materials for any purpose and

refrain from reviewing or disclosing any such information pending agreement of the Parties

concerning the use and handling of such information or, if no agreement can be reached, further

Court order, and (b) at the producing party's election, sequester, return to the producing party or

destroy any and all copies of the information or documents, whether in physical or electronic

form and including all summaries thereof in any receiving party work product, within ten (10) days after receiving the request.  The receiving party shall confirm to the producing party the sequestration, return or destruction of all such materials within the required period.  Disclosure of the information or document by the receiving party prior to such later designation will not be deemed a violation of the provisions of this Order; however, promptly after receiving notice that the materials are being designated as attorney-client privileged or protected work product, the receiving party must take reasonable steps to retrieve and prevent any further use or disclosure of the documents or information.  The provisions of this section constitute an order pursuant to Rules 502(d) and(e) of the Federal Rules of Evidence.

21.     **No Limitations on Own Use.**  Nothing in this Order shall limit any party in the use of its own documents, things, or information for any purpose or from disclosing its own confidential material to any person.

22.     **Counterparts.**  This Order may be executed in counterparts by counsel for the parties.

**IT IS SO ORDERED.**

Dated:  November 21, 2016

 s/ James P. O'Hara    
James P. O'Hara
U.S. Magistrate Judge

13

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| EXTENDED STAY AMERICA, INC.<br>and ESA MANAGEMENT LLC,<br><br>     Plaintiffs,<br><br>v.<br><br>WOODSPRING HOTELS LLC,<br>BERNADETTE RUBY, and MICHAEL<br>DOCTEROFF,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    Case. No.<br>)<br>)<br>)<br>)<br>)<br>) |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, have read the foregoing Protective Order dated

_____ _____, 2016 (the "Protective Order") in the above-captioned action and

agree to be bound by its terms with respect to any documents, material, or information

designated as "Confidential" and/or "Highly Confidential" (collectively, "Restricted Material")

furnished to me as set forth in the Protective Order.

I further agree not to disclose to anyone any documents, material, or information

designated as Restricted Material other than as set forth in the Protective Order.

I hereby consent to the jurisdiction of the United States District Court for the District of

Kansas with regard to any proceedings to enforce the terms of the Protective Order.

I hereby agree that any documents, materials, or information designated as Restricted

Material and furnished to me will be used by me only for the purposes permitted by the

Protective Order and for no other purpose, including any business, commercial, professional,

14

educational, personal, or any other purpose whatsoever, and will not be imparted by me to any other person except to the extent permitted under the Protective Order.

I further agree to return any and all documents, materials, or information designated as Restricted Material, together with all copies I may have made thereof, including any notes, memos, or the like I may have made that contain or reflect any such Restricted Material, to the attorney(s) that furnished me with any such documents, materials, or information (a) at the conclusion of the Action (as defined in the Protective Order); (b) at the conclusion of my engagement in connection with the Action; or (c) at the request of the attorneys who furnished me with such documents, materials, or information.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____  _____
                                                        Signature