UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EXTENDED STAY AMERICA, INC., et al.,

                Plaintiffs,

vs.                                    Case No. 16-2744-CM

WOODSPRING HOTELS, LLC, et al.,

                Defendants.

## **ORDER**

The parties in this unfair competition case have filed a joint motion to resolve a dispute regarding discovery of electronically stored information ("ESI"), more specifically, a protocol for forensically examining certain computers and cell phones that already have been retrieved and "mirror" imaged (ECF No. 57). Within just a few weeks of suit being filed, the parties and their able counsel reached agreement on a protective order and also a separate order for preservation of the status quo, non-use and non-disclosure of information, document preservation, and expedited discovery (ECF Nos. 33 and 34). And they have thoroughly, concisely, and precisely set out their respective protocol positions in the joint brief accompanying the instant motion (ECF No. 58).

Under the unique set of facts presented in this litigation (and without purporting to set any bright-line precedent as to what might be appropriate in another case), the undersigned U.S. Magistrate Judge, James P. O'Hara, generally finds the second of the protocols alternatively proposed by plaintiffs, i.e., in the form attached as Exhibit B to the

parties' joint brief, is most consistent with the mandate of Fed. R. Civ. P. 1 that civil litigation be conducted in a "just, speedy, and inexpensive" manner. The court respectfully overrules defendants' implicit objections that plaintiffs' protocol would result in overly broad and unnecessarily intrusive discovery, and thus the court declines to adopt the protocol attached to the joint motion as Exhibit F.

The court, however, has modified plaintiffs' proposed protocol with regard to forensic examination of the devices in question, as set out below:

Protocol For Copying and Searching Hard Drives

(a) The parties must, by **January 17, 2017**, identify their respective computer forensics expert (the "Experts"). The Experts must, by **January 24, 2017**, execute a confidentiality agreement agreed to by the parties. The Experts must further sign and abide by the protective order entered in this action (ECF No. 33).

(b) The Experts must follow a three-step imaging, recovery, and disclosure process, as follows.

Imaging Step:

(c) In accordance with paragraphs 3.h, 3.i., and 3.j of the November 22, 2016 Stipulation and Order Regarding Preservation of Status Quo, Non-Use and Non-Disclosure of Information, Document Preservation, and Expedited Discovery (ECF No. 34) (the "Stipulation and Order"), Defendants WoodSpring, Ruby, and Docteroff have engaged their own Experts to forensically image the devices referenced in paragraphs 3.h, 3.i., and 3.j of the Stipulation and Order (the "Imaged Devices").

(d) At the request of any other Party (the "Requesting Party"), WoodSpring, Ruby, and Docteroff must provide a forensic image of the Imaged Devices (at the Requesting Party's expense) to the Requesting Party's Expert.

(e) The Requesting Party's Expert must handle any forensic images of the Imaged Devices produced pursuant to paragraph (d) above in accordance

with this computer search protocol and the protective order entered in this action, and must not share any information or data recovered from the Imaged Devices with any other Party or the Parties' attorneys except pursuant to the process set forth in paragraphs (g)-(i) below.

Recovery Step:

(f) After receiving a forensic image of any of the Imaged Devices, the Requesting Party's Expert may from time to time, at the request of the Requesting Party's attorneys, assist the Requesting Party's attorneys in searching for data responsive to certain key words, date ranges, or other search criteria ("Discoverable Information"). Before submitting any search criteria to the Requesting Party's Expert, the Requesting Party's attorneys must confer with the attorneys for the Party whose Imaged Device is the subject of the search in good faith to attempt to craft searches that are reasonably designed to primarily capture information that is likely to be discoverable within the scope of Fed. R. Civ. P. 26(b)(1). If the parties are unable to reach agreement on any particular set of search terms, the Requesting Party may request that the court rule on the objecting party's objections. This request, however, must be done by the parties *jointly* filing a motion, limited to 2 double-spaced pages, summarizing in bullet-point fashion and asking the court to resolve their remaining disputes. As relates to this motion, the parties must jointly file a separate supporting brief, limited to 10 double-spaced pages, equally divided between the plaintiffs and defendants (collectively) and explaining their respective positions.

Disclosure Step:

(g) As the Requesting Party's Expert from time to time locates any purported Discoverable Information requested by the Requesting Party's attorneys, it may, after compliance with the limits and procedure outlined in subparagraph (h) below, provide all such Discoverable Information to the Requesting Party's attorneys; provided, however, that the Requesting Party's Expert must not provide to the Requesting Party's attorneys copies of any purportedly Discoverable Information which contains Privileged Matters or otherwise objectionable matters as determined by the attorneys for the Party whose Imaged Device is the subject of the search pursuant to the procedure in subparagraph (h) below.

(h) Before producing to the Requesting Party's attorneys any purported Discoverable Information recovered from the Imaged Devices, the Requesting Party's Expert must first provide such purported Discoverable Information to the attorneys for the Party whose Imaged Device is the subject of the search and from which the purported Discoverable Information was recovered. The attorneys for the Party whose Imaged Device is the subject of the search must, within 10 business days from receipt of the purported Discoverable Information, review the purported Discoverable Information for material covered by the attorney-client privilege or the work product doctrine (the "Privileged Matters") or matters which are objectionable or do not constitute information discoverable under Fed. R. Civ. P. 26(b)(1) and provide the Requesting Party's Expert and Requesting Party's attorneys a log which states each privilege or objection and describes the files, documents, data, or information that contain objectionable or Privileged Matters; see below for privilege log requirements. If, based on its review of the log, the Requesting Party disagrees with the objection to or designation of any purported Discoverable Information as objectionable or privileged, the Requesting Party may request that the court rule on the objection or designation. This request, however, must be done by the parties *jointly* filing a motion, limited to 2 double-spaced pages, summarizing in bullet-point fashion and asking the court to resolve their remaining disputes. As relates to this motion, the parties must jointly file a separate supporting brief, limited to 10 double-spaced pages, equally divided between the plaintiffs and defendants (collectively) and explaining their respective positions. Such purported Discoverable Information must not be disclosed to the Requesting Party's attorneys and must be treated as Privileged Matters or matters beyond the scope of information discoverable under Fed. R. Civ. P. 26(b)(1) until the dispute is resolved by the court. Until the earlier of the provision of the log to the Requesting Party's attorneys and the Requesting Party's Expert or the expiration of 10 business days from receipt of the purported Discoverable Information by the attorneys for the Party whose Imaged Device is the subject of the search, any purported Discoverable Information (or any other information) recovered by the Requesting Party's Expert from the Imaged Devices must not be provided to Requesting Party's attorneys under paragraph (g) above.

(i) All employees and staff of the Experts involved with the inspection and handling of the Imaged Devices must use such information only in accordance with this computer search protocol, but subject to further order of the court, and must not use such information for any other purpose, including, business, governmental, commercial, or administrative or

4

> judicial proceedings.  All such employees and staff, prior to performing any actions, must sign and abide by the protective order entered in this case.

To guard against overly aggressive assertions of attorney-client privilege or work-product protection, and ensuing delays in completing discovery, the court respectfully reminds the parties and counsel of what was discussed during the scheduling conference on December 20, 2016, about the significance of Fed. R. Civ. P. 26(g).  *See also* Scheduling Order, ¶ 2(j) (ECF No. 53 at 8-9).  And, more specifically as relates to privilege assertions, counsel should bear in mind that case law in this district provides a wealth of guidance as to what is–*and is not*–protected.  With respect to the attorney-client privilege, it is important to note first that "personal, confidential, [or] private information" is not necessarily privileged.[1]  As this court has held repeatedly, "confidential" does not equate to "nondiscoverable" or "privileged."[2]  Second, it is clear that "[u]nderlying facts are not protected by the privilege."[3]  "Similarly, neither the acts or services performed by an attorney during the course of his representation, nor the scope of representation, are within the attorney-client privilege because they are not

---

[1] *AKH Co., Inc. v. Universal Underwriters Ins. Co.*, No. 13-2003, 2014 WL 2760860, at *7 (D. Kan. June 18, 2014).

[2] *Id.* (quoting *Williams v. Evogen, Inc.*, No. 12-2620, 2013 WL 3773840, at *3 (D. Kan. July 17, 2013)).

[3] *Sprint Commc'ns Co., L.P., v. Comcast Cable Commc'ns, LLC,* Nos. 11-2684, 11-2685, 11-2686, 2014 WL 545544, at *4 (D. Kan. Feb. 11, 2014) (quoting *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200, 2006 WL 1867478, at *10 (D. Kan. July 1, 2006)).

'communications.'"[4]  Nor are "general topics of attorney-client discussions" or ultimate "legal conclusions" of counsel protected.[5]

Case law from this district also provides direction about the scope of work-product protection.  This court has explained that "the doctrine is not intended to protect investigative work unless done so under the supervision of an attorney in preparation for the real and imminent threat of litigation or trial."[6]  "Although certain actions by an adverse party, such as submitting a reservation of rights letter, might be considered precursors to litigation, the work product doctrine requires more than a mere possibility of litigation."[7]  Finally, the parties and counsel are directed to review the extensive analysis of when a document is "prepared in anticipation of litigation" set out by U.S. Magistrate Judge Gerald L. Rushfelt in *Marten v. Yellow Freight System, Inc.*[8]

When documents are withheld under the attorney-client privilege or work-product protection, the burden is on the withholding party to produce a reasonably detailed privilege log.  Fed. R. Civ. P. 26(b)(5)(A) provides that

> [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

---

[4] *Id.* at *6 (quoting *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 675 (D. Kan. 2005)).

[5] *Id.* (holding that counsel's ultimate legal conclusion that defendants infringed patent was not the type of substantive communication protected by the attorney-client privilege).

[6] *Id.*

[7] *AKH Co., Inc.*, 2014 WL 2760860, at *2 (quoting *McNabb v. City of Overland Park*, No. 12-2331, 2014 WL 1152958, at *8 (D. Kan. March 21, 2014)).

[8] No. 96-2013, 1998 WL 13244, at *10-11 (D. Kan. Jan. 6, 1998).

>> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

The parties and counsel are forewarned that, if a party fails to make the required showing, by not producing a privilege log or by providing an inadequate one, the court may deem the privilege waived.[9]  "The information provided [in a privilege log] must be sufficient to enable opposing counsel (and later, if necessary, the court) to determine whether each element of the asserted privilege or protection is satisfied."[10]  Specifically, instead of the bare-bones, largely conclusory sort of log that many lawyers tend to serve on opposing counsel, courts have required that a privilege log include the following information:

1. A description of the document explaining whether the document is a memorandum, letter, e-mail, etc.;

2. The date upon which the document was prepared;

3. The date of the document (if different from # 2);

4. The identity of the person(s) who prepared the document;

5. The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, "*including an evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney*;"

6. *The purpose of preparing the document, including an evidentiary showing, based on competent evidence, "supporting any assertion*

---

[9] *New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 448 (D. Kan. 2009).

[10] *Id.* (quoting *Hill v. McHenry*, No. 99-2026, 2002 WL 598331, at *2 (D. Kan. Apr. 10, 2002)).

> *that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent;" a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and a showing, again based on competent evidence, "that the documents do not contain or incorporate non-privileged underlying facts;"*

7. The number of pages of the document;

8. The party's basis for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and

9. Any other pertinent information necessary to establish the elements of each asserted privilege.[11]

IT IS SO ORDERED.

Dated January 12, 2017, at Kansas City, Kansas.

                                              s/ James P. O'Hara
                                              U.S. Magistrate Judge

---

[11] *Id.* at 448-49 (quoting *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. at 673 (emphasis added)).